

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 29, 1957

Hon. R. M. Dixon, Chairman
Board of Water Engineers
Austin, Texas

Opinion No. WW-1

Re: Are the provisions of
Article 7880-23, V.C.S.,
in conflict with the
provisions of Article VI,
Sections 2 or 3(a) of the
Constitution of Texas, in
prescribing the qualifica-
tions of voters at a con-
firmation election?

Dear Mr. Dixon:

The question presented in your recent letter is whether the pro-
vision of Article 7880-23, V.C.S., prescribing the qualifica-
tion of voters in a confirmation election, is in contravention
of Article VI, Sections 2 or 3(a) of the Constitution of Texas.
In our opinion, the provisions of Article VI, Section 3(a) of
the Texas Constitution, do not apply to the type of election
required by Article 7880-23,V.C.S.

Article 7880-23, V.C.S., provides that a water control and im-
provement district, before incurring indebtedness, must call
an election for the purpose of confirming the organization of
the district by a vote "of the qualified resident property tax-
paying voters."

Article VI, Section 3(a) of the Constitution of Texas, reads,
in part, as follows:

> "When an election is held by any . . .
> defined district . . . for the purpose of
> issuing bonds or otherwise lending credit,
> or expending money or assuming any debt,
> only qualified electors who own taxable
> property in the . . . district . . . where
> such election is held, and who have duly
> rendered the same for taxation, shall be
> qualified to vote . . . ."

It is clear that the Legislature of Texas, in enacting Chapter
25, Acts of the 39th Legislature, 1925, intended that the con-
firmation election be a step in the procedural process of

creating a water control and improvement district. Lovett v. Cronin, 245 S.W. 2d 519 (Tex.Civ.App., 1951). It is the election which gives life to the district and under such circumstances, it seems clear that the legislative intent, as outlined in Lovett v. Cronin, supra, must be given effect.

In the instant case, no taxes can be levied, money expended, or bonds issued based upon the confirmation election, since the statute requires a separate vote upon these questions. Article 7880, Sections 23, 32, 80 and 81, V.C.S. Accordingly, the provisions of Article VI, Section 3(a) of the Constitution of Texas, do not govern the qualification of voters at the confirmation election of a water control and improvement district. King v. Carlton Independent School District, infra.

Article VI, Section 2, of the Constitution of Texas, defines a qualified voter in this language:

> "Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one (21) years and who shall be a citizen of the United States and who shall have resided in this State one (1) year next preceding an election and the last six (6) months within the district . . . in which such person offers to vote, shall be deemed a qualified elector . . ."

The courts of this State have held that the Constitution exclusively prescribes the qualification of the voters and the Legislature is without the power to prescribe any other standard. King v. Carlton Independent School District, ___ Tex. ___ 295 S.W. 2d 408 (1956); Snelson v. Murray, 252 S.W. 2d 720 (Tex. Civ.App., 1952) ref. n.r.e.; Texas Power & Light Co. v. Brownwood Public Service, 111 S.W. 2d 1225 (Tex.Civ.App., 1938) writ ref., Koy v. Schneider, 110 Tex. 369, 218 S.W. 479 (1920).

We agree with your position that the provisions of Article VI, Section 2, of the Constitution of Texas, must be superimposed over the provisions of Article 7880-23, V.C.S., so as to require that the election for the confirmation of a water control and improvement district be submitted to those qualified electors as defined in that provision of the Constitution of Texas. King v. Carlton Independent School District, supra; Jordan v. Crudgington, 149 Tex. 237, 231 S.W. 2d 641 (1950).

## SUMMARY

The provisions of Article VI, Section 3(a) of the Constitution of Texas, do not govern the election required by Article 7880-23, V.C.S. That statute provides requirements beyond those set forth by Article VI, Section 2 of the Constitution of Texas, and these additional requirements must be disregarded as unconstitutional.

Very truly yours,

WILL WILSON
Attorney General

By *Elbert M. Morrow*

Elbert M. Morrow
Assistant

EMM-s

APPROVED:

OPINION COMMITTEE

By
H. Grady Chandler, Chairman